## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHNNIE V. LASSITER, JR.** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **NATIONAL RAILROAD PASSENGER** | : | |
| **CORPORATION, d/b/a AMTRAK** | : | **No.** |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE**
**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA:**

Defendant, National Railroad Passenger Corporation, d/b/a Amtrak (hereafter "Amtrak"), by and through their undersigned counsel, Hohn & Scheuerle, LLC, respectfully aver the following in support of their Petition for Removal:

1.      On or about February 19, 2021, Plaintiff, Johnnie V. Lassiter, Jr. instituted this action in the Philadelphia County Court of Common Pleas by way of Civil Action Complaint.  (A copy of Plaintiff's Complaint is attached hereto as Exhibit "A".)

2.      The docket does not reflect service of the Plaintiff served the Complaint upon Amtrak.

3.      On or about April 1, 2021, the undersigned counsel entered their appearance for Defendant, National Railroad Passenger Corporation, d/b/a Amtrak in the Philadelphia County Court of Common Pleas.

4.      The case is pending in the Philadelphia County Court of Common Pleas at February Term, 2021, No. 1755.

5.      Amtrak is a corporation created by an Act of Congress with its principal place of business in Washington, DC.

6.      The above-described action is a civil action over which this Honorable Court has jurisdiction pursuant to 28 USC §1331.  Amtrak is a corporation which is owned by the Federal Government.  Federal jurisdiction is appropriate under 28 USC §1331.

7.    The above-described action is one that may be removed to this Honorable Court by Defendant pursuant to the provisions of 28 USC §1441(a) in that this action has been brought in a State Court and a District Court of the United States has original jurisdiction under 28 USC §1331.

WHEREFORE, Defendant, National Railroad Passenger Corporation, d/b/a Amtrak hereby requests that the above action now pending in the Philadelphia County Court of Common Pleas at February Term, 2021; No. 1755 be removed therefrom to this Honorable Court.

HOHN & SCHEUERLE, LLC


BY:  _/s/ Richard K. Hohn_____
        RICHARD K. HOHN, ESQUIRE
        JOSEPH J. McALEE, ESQUIRE
        Attorneys for Defendant
        1700 Market Street, Suite 3242
        Philadelphia, PA 19103
        215-496-9995
        215-496-9997 (Fax)
        rhohn@dverdict.com
        jmcalee@dvedict.com

DATED: April 1, 2021

## CERTIFICATE OF SERVICE

I, Richard K. Hohn, Esquire, certify that a true and correct copy of the Notice of Removal

was sent to all parties and counsel listed below by first class mail.

Pamela A. Van Blunk, Esquire
VAN BLUNK LAW, LLC
57 S. Main Street
Suite 204
Yardley, PA 19067
pvanblunk@vanblunklaw.com
Attorney for Plaintiff


HOHN & SCHEUERLE, LLC


BY:  _/s/ Richard K. Hohn_____
       RICHARD K. HOHN, ESQUIRE
       Attorney for Defendant
       1700 Market Street, Suite 3242
       Philadelphia, PA 19103
       215-496-9995
       215-496-9997 (Fax)
       rhohn@dverdict.com

DATED: April 1, 2021

EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

FEBRUARY 2021

E-Filing Number: 2102034463

001755

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JOHNNIE V. LASSITER JR. | NATIONAL RAILROAD PASSENGER CORPORATION, ALIAS: AMTRAK |
| **PLAINTIFF'S ADDRESS**<br>3269 VESTA DRIVE<br>HARRISBURG PA 17110 | **DEFENDANT'S ADDRESS**<br>60 MASSACHUSETTS AVENUE<br>WASHINGTON DC 20002 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

**CASE TYPE AND CODE**

2S - PREMISES LIABILITY, SLIP/FALL

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED<br>PRO PROTHY<br><br>FEB **19** 2021<br><br>S. RICE | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES    NO |
|---|---|---|

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JOHNNIE V LASSITER JR.

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>PAMELA A. VANBLUNK | ADDRESS<br>VAN BLUNK LAW, LLC<br>57 S. MAIN STREET |
|---|---|
| **PHONE NUMBER**<br>(267)399-9080 | **FAX NUMBER**<br>(267)390-0166 | SUITE 204<br>YARDLEY PA 19067 |
| **SUPREME COURT IDENTIFICATION NO.**<br>205992 | **E-MAIL ADDRESS**<br>pvanblunk@vanblunklaw.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY**<br>*PAMELA VANBLUNK* | **DATE SUBMITTED**<br>Friday, February 19, 2021, 09:30 am |

FINAL COPY (Approved by the Prothonotary Clerk)

PAMELA A. VAN BLUNK, ESQUIRE
Identification No. 205992
VAN BLUNK LAW, LLC
57 S. Main Street, Ste 204
Yardley, PA 19067
P: 267-399-9080
pvanblunk@vanblunklaw.com

THIS IS NOT AN ARBITRATION by the
MATTER.  Office of Judicial Records
ASSESSMENT OF 09 FEB 2021 09:30 am
HEARING IS REQUESTED. PRICE
Attorney for Plaintiff

Filed and Attested by the
Office of Judicial Records
09 FEB 2021 09:30 am
E. PRICE
DISTRICT OF PE

---

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA

## CIVIL ACTION LAW

JOHNNIE V. LASSITER, JR.
3269 Vesta Drive
Harrisburg, PA 17110
       Plaintiff,

   v.

NATIONAL RAILROAD PASSENGER
CORPORATION, d/b/a AMTRAK
60 Massachusetts Avenue, Washington,
D.C. 20002
       Defendant

DOCKET NO.:

TRIAL BY JURY OF TWELVE
(12) DEMANDED

---

## NOTICE TO DEFEND

Case ID: 210201755

**"NOTICE@**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property of other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**Philadelphia Bar Association**
**Lawyer Referral Service**
1101 Market Street, Philadelphia, PA 19107
(215) 238-6300

**AAVISO@**

"Le han demandado en corte. Si usted desea defender contra las demandas dispuestas en las páginas siguientes, usted debe tomar la acción en el plazo de veinte (20) días después de esta queja y se sirve el aviso, incorporando un aspecto escrito personalmente o y archivando en escribir con la corte sus defensas u objeciones a las demandas dispuestas contra usted el abogado le advierte que que si usted no puede hacer así que el caso puede proceder sin usted y un juicio se puede incorporar contra usted compra la corte sin aviso adicional para cualquier dinero demandado en la queja o para cualquier otra demanda o relevación pedida por el demandante. Usted puede perder el dinero o la característica de otra endereza importante a usted.

USTED DEBE LLEVAR ESTE PAPEL SU ABOGADO INMEDIATAMENTE. SI USTED NO HACE QUE UN ABOGADO VAYA A O LLAME POR TELÉFONO La OFICINA DISPUESTA ABAJO. ESTA OFICINA PUEDE PROVEER DE USTED LA INFORMACIÓN SOBRE EMPLEAR A UN ABOGADO. SI USTED NO PUEDE PERMITIRSE AL HIRE A UN ABOGADO, ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFORMACIÓN SOBRE LAS AGENCIAS QUE LOS SERVICIOS JURÍDICOS DE LA OFERTA DE MAYO A LAS PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO O NINGÚN HONORARIO

**Philadelphia Bar Association**
**Servicio de Referencia de Abogados**
1101 Market Street, Philadelphia, PA 19107
(215) 238-6300

PAMELA A. VAN BLUNK, ESQUIRE
Identification No. 205992
VAN BLUNK LAW, LLC
57 S. Main Street, Ste 204
Yardley, PA 19067
P: 267-399-9080
pvanblunk@vanblunklaw.com

THIS IS NOT AN ARBITRATION
MATTER.
ASSESSMENT OF DAMAGES
HEARING IS REQUESTED
Attorney for Plaintiff

---

### IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA

### CIVIL ACTION LAW

JOHNNIE V. LASSITER, JR.
3269 Vesta Drive
Harrisburg, PA 17110
          Plaintiff,

v.

NATIONAL RAILROAD PASSENGER
CORPORATION, d/b/a AMTRAK
60 Massachusetts Avenue, Washington,
D.C. 20002
          Defendant

DOCKET NO.:

TRIAL BY JURY OF TWELVE
(12) DEMANDED

---

### COMPLAINT

### PLAINTIFF

1.    At all times material to this Complaint, Plaintiff **JOHNNIE V. LASSITER, JR.**
("Mr. Lassiter") is and was an adult individual residing at 3269 Vesta Drive, Harrisburg, PA
17110.

### DEFENDANT

2.    At all times material to this Complaint, Defendant **NATIONAL RAILROAD
PASSENGER CORPORATION, d/b/a AMTRAK ("AMTRAK"),** is and was a corporation

Case ID: 210201755

or other similarly-configured business entity qualified to do business in the City of Philadelphia and the Commonwealth of Pennsylvania, with a principal place of business at 60 Massachusetts Avenue, Washington, D.C. 20002.

## VENUE AND JURISDICTION

3. Venue is proper in this Court.

4. Defendant **AMTRAK** regularly conducts business in Philadelphia County and is subject to venue here pursuant to Pennsylvania Rule of Civil Procedure 2179.

5. At all times material to Plaintiff's cause of action, Defendant **AMTRAK** was a common carrier that operates trains carrying passengers, and Mr. Lassiter was a business invitee on its Northeast Regional Rail with service from Harrisburg, PA to Philadelphia, PA.

6. All of the acts alleged to have been done or not to have been done by Defendant **AMTRAK** were done or not done by Defendant **AMTRAK**, its agents, servants, workmen and/or employees acting within the course and scope of their employment and authority for and on behalf of said Defendant.

7. At all times material to Plaintiff's cause of action, all of the property, equipment and operations involved in the accident referred to herein were owned by, and under the control of Defendant **AMTRAK**, its agents, servants and employees.

## FACTS

8. On February 22, 2018—a cold day with precipitation of rain or snow—Mr. Lassiter boarded the Amtrak train ("the train") in Harrisburg on his way to Philadelphia.

9. The train was reasonably crowded, and Mr. Lassiter took a seat on the left side in the middle of the train car.

10. As the train was pulling into the Philadelphia train station—an hour and a half

Case ID: 210201755

after leaving Harrisburg—Mr. Lassiter stood up to use the restroom before exiting the train.

11.     While exercising due care and caution for his own safety, Mr. Lassiter walked to the restroom when suddenly and without warning, he was caused to slip and fall on the puddle of water right in front of the restroom.

12.     According to a witness who sat on the right side of the train car near the restroom, the puddle of water had been there the whole train ride from Harrisburg.

13.     Amtrak's conductors entered and exited Mr. Lassiter's train car once or twice each stop to collect tickets and call out the stops.

14.     As a result of the aforesaid, Mr. Lassiter sustained serious, painful and permanent injuries as more particularly described herein.

15.     At all times material to Plaintiff's cause of action, Defendant **AMTRAK** was a common carrier, which engaged in the transportation of people, such as Mr. Lassiter, for a fare.

16.     As a common carrier, Defendant **AMTRAK** and its employees, servants and agents owed a duty to exercise the highest degree of care to ensure the safety of its passengers, including Mr. Lassiter.

**COUNT I**
**NEGLIGENCE/CARELESSNESS**

17.     Mr. Lassiter incorporates by reference all preceding paragraphs of this Complaint.

18.     The negligence and carelessness of Defendant **AMTRAK** consisted of the following:

    a.     Defendant **AMTRAK** knew or should have known of the dangerous and unsafe condition for the passengers, or in the exercise of reasonable care should have

Case ID: 210201755

inspected, posted warning signs and/or barricades to warn Mr. Lassiter of the dangerous and unsafe condition, and gave no notice whatsoever to passengers like Mr. Lassiter of the presence of the dangerous and/or hazardous condition;

b.  failing to provide safe premises for passengers such as Mr. Lassiter under the circumstances then and there existing;

c.  failing to provide a safe and clear corridor/passage near the restroom;

d.  failing to properly inspect the entranceway near which the restroom was located on the date and time of the incident;

e.  failing to inspect the entranceway near which the restroom was located at reasonable intervals to ensure it is free of dangerous and hazardous conditions;

f.  failing to have adequate policies and procedures in place to ensure that the premises were kept free from hazardous and/or dangerous conditions during the period of time when the passengers were permitted to walk and/or traverse the premises; and

g.  failing to keep the premises owned, occupied, maintained and/or controlled by Amtrak and held open for passengers, in a reasonable and safe condition in violation of various codes, laws and ordinances, including but not limited to applicable Pennsylvania codes and ordinances.

19.  Defendant **AMTRAK** knew or should and could have known of the dangerous condition then existing on its premises.

20.  Plaintiff's injuries were solely caused by the aforesaid acts of carelessness and negligence on the part of Defendant **AMTRAK** or its agents, servants and/or employees, who failed to utilize reasonable precautions to maintain a safe pathway near the restroom that was free

Case ID: 210201755

from hazardous and/or dangerous conditions.

21.     Solely as a direct result of the carelessness and negligence of Defendant **AMTRAK**, Mr. Lassiter suffered serious and permanent physical injuries, which include but may not be limited to, head hematoma, concussion, headaches, blurry vision, cervical strain and sprain, aggravation of cervical spondylosis and stenosis, lumbar strain and sprain, lumbar spondylosis with lumbar facet arthropathy, left ankle pain, left patella tendon rupture, traumatic left knee complex tear posterior horn medial meniscus with partial tear of the MCL, partial PCL tear with tibial contusion and patellar tendinitis and aggravation of degenerative joint disease of the left knee, right knee strain MCL and tibial contusion, tear in right rotator cuff, emotional distress and physical pain and such other and further injuries as discovery may reveal.

22.     Mr. Lassiter has been advised that some or all of his injuries are or may be permanent.

23.     As a direct result of the accident aforesaid, Mr. Lassiter has undergone great physical pain and mental anguish and he may continue to endure the same for an indefinite time in the future to his great detriment and loss.

24.     As a direct result of the accident aforesaid, Mr. Lassiter has been compelled and may in the future be compelled to expend funds in an effort to cure his injuries.

25.     As a further direct result of the accident aforesaid, Mr. Lassiter has reasonably and necessarily undergone medical diagnosis care and treatment of his physical injuries, and he may be compelled to continue to expend such sums for the same purposes for an indefinite time in the future to his great detriment and loss.

26.     As a further direct result of the accident aforesaid, Mr. Lassiter suffered and continues to suffer a loss of life's pleasures.

Case ID: 210201755

27.     As a further direct result of the accident aforesaid, Mr. Lassiter has suffered and continues to suffer unreimbursed incidental expenses.

28.     As a further direct result of the accident aforesaid, Mr. Lassiter has missed work in order to treat and care for his injuries, thereby losing income.

29.     As a further direct result of the accident aforesaid, Mr. Lassiter has suffered a loss and depreciation of his earnings and earning power, and he may continue to suffer the same for an indefinite time in the future, to his great detriment and loss.

30.     As a further direct result of the accident aforesaid, Mr. Lassiter has been unable to attend to his usual and daily duties and occupation, and he will be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

31.     As a further direct result of the accident aforesaid, Mr. Lassiter has suffered embarrassment, humiliation, and emotional and physical pain and anguish, and continues to do so.

**WHEREFORE**, Mr. Johnnie V. Lassiter, Jr. demands judgment in his favor and against Defendant **AMTRAK** in an amount in excess of 50,000.00 (Fifty Thousand Dollars), including delay damages, interest, and costs of suit and any and all other relief that this Court deems necessary and proper.

*/s/ Pamela A. Van Blunk*
**PAMELA A. VAN BLUNK, ESQUIRE**
**Identification No. 205992**
**VAN BLUNK LAW, LLC**
**57 S. Main Street, Ste 204**
**Yardley, PA 19067**
**pvanblunk@vanblunklaw.com**

**DATED:** February 19, 2021        **Attorney for Plaintiff**

Case ID: 210201755

## VERIFICATION

Each averment of fact contained in this document is true and correct based upon my personal knowledge or information and belief. I understand that false statements made in this Verification are subject to the penalties of 18 Pa.C.S.A. §4904, relating to unsworn falsification to authorities. The language of this document is my attorney's and not my own.

_____
JOHNNIE V. LASSITER, JR.

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA

## CIVIL ACTION LAW

| | |
|---|---|
| JOHNNIE V. LASSITER, JR.<br>3269 Vesta Drive<br>Harrisburg, PA 17110<br>       Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION, d/b/a AMTRAK<br>60 Massachusetts Avenue, Washington,<br>D.C. 20002<br>       Defendant | DOCKET NO.:<br><br>TRIAL BY JURY OF TWELVE<br>(12) DEMANDED |

## CERTIFICATION OF COMPLIANCE

I, PAMELA A. VAN BLUNK, ESQUIRE, certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

/s/ Pamela A. Van Blunk<br>
PAMELA A. VAN BLUNK, ESQUIRE<br>
ATTORNEY I.D. # 205992<br>
Attorney for Plaintiff

Dated: February 19, 2021

Case ID: 210201755